AO 243 (modified): DNJ-Habeas-004(Rev.01-2014)

# Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody

## (Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out an in forma pauperis form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

   ☐ Camden: Mitchell H. Cohen U.S. Courthouse 4th & Cooper Streets Camden, NJ 08101

   ☑ Trenton: Clarkson S. Fisher Fed. Bldg. & U.S. Courthouse 402 East State St. Trenton, NJ 08608

   ☐ Newark: Martin Luther King Jr. Fed. Bldg. & U.S. Courthouse 50 Walnut St. Newark, NJ 07101

9. <u>CAUTION</u>: **You must include in this motion <u>all</u> the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. <u>CAPITAL CASES:</u> **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

Page 2

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | | District   New Jersey |
|---|---|---|
| Name (under which you were convicted): Khamraj Lall | | Docket or Case No.: 3:17 CR 00343 (AET) 1 |
| Place of Confinement: USP Canaan (Satellite Camp) | | Prisoner No.: 44899-069 |
| UNITED STATES OF AMERICA | v. | Movant (include name under which you were convicted) Khamraj Lall |

### MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    United States District Court; District of New Jersey; 402 East State Street, Trenton, NJ 08608

    (b) Criminal docket or case number (if you know):  3:17 CR 00343 (AET) 1

2.  (a) Date of the judgment of conviction (if you know):  10/1/2019

    (b) Date of sentencing:  9/27/2019

3.  Length of sentence:  156 months; 5 years total supervised release; no fine; special assessment $800

4.  Nature of crime (all counts):

    1. 18 USC 1956 Conspiracy to Launder Money
    2. 18 USC 1956 Conspiracy to Launder Monetary Instruments
    3. 15 USC 5324 Conspiracy to Structure Funds
    4. 18 USC 1956 Money Laundering
    5. 21 USC 963 Conspiracy to Import Cocaine
    6. 18 USC 1956 Money Laundering
    7. 21 USC Conspiracy to Distribute Cocaine -- 8. Engaging In Monetary Tranact Spec Unlaw Activ

5.  (a) What was your plea? (Check one)

    (1)   Not guilty ☑          (2)   Guilty ☐          (3)   Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count

    or indictment, what did you plead guilty to and what did you plead not guilty to?

    Not applicable; convictions occurred after a jury trial.

6.  If you went to trial, what kind of trial did you have? (Check one)          Jury ☑          Judge only ☐

Page 3

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ❑     No ☑

8.  Did you appeal from the judgment of conviction?     Yes ☑     No ❑

9.  If you did appeal, answer the following:

(a) Name of court:   United States Court of Appeals for the Third Circuit

(b) Docket or case number (if you know):   19-3290

(c) Result:   Convictions affirmed.

(d) Date of result (if you know):   3/23/2021

(e) Citation to the case (if you know):   United States v. Lall, 852 Fed.Appx. 625 (3d Cir. 2021)

(f) Grounds raised:

1. Failure to disclose investigative notes as Brady violation
2. Inadmissibility of Cocaine
3. Insufficiency of Evidence to Conspire to Distribute Cocaine
4. Violations of Right to Confront and Right to Testify In Own Defense
5. Speedy Trial Act Violations

(g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☑   No ❑

If "Yes," answer the following:

(1) Docket or case number (if you know):   21-250 (CND)

(2) Result:

Certiorari denied

(3) Date of result (if you know):   10/12/2021

(4) Citation to the case (if you know):

(5) Grounds raised:

1. Movant Denied Right to Testify In Own Behalf At Trial
2. Movant Denied Right to Speedy Trial/Counsel Ineffective For Failing to Move to Dismiss
3. Movant Denied Due Process Because Charged in Two Separate Federal Districts/Misconduct
4. Movant Denied Due Process Because Of Vindictive Case Transfer
5. Movant Denied Speedy Trial - 6th Amendment
6. Evidence Improperly Admitted In Violation of Federal Rule of Evidence 403/404.

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☑   No ❑

11.  If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:   United States Supreme Court

(2) Docket or case number (if you know):   21-250

(3) Date of filing (if you know):   11/2/2021

(4) Nature of the proceeding:   Petition for Re-Hearing on Denial of Certiorari

(5) Grounds raised:

Same as original petition for certiorari

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ☑

(7) Result:   Petition denied

(8) Date of result (if you know):   1/10/2022

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:   Not Applicable

(2) Docket or case number (if you know):   N/A

(3) Date of filing (if you know):

(4) Nature of the proceeding:   N/A

(5) Grounds raised:

N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ☑

(7) Result:   N/A

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:   Yes ❑   No ☑

(2) Second petition:   Yes ❑   No ☑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

Other than the appeal to the Third Circuit; the Petitition for a Writ of Certiorari and Petition for Re-Hearing for Cert no other motion, petition or application was made.

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:**

Counsel Ineffective - No Motion to Dismiss for (1) preindictment delay and (2) pre-trial delay.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On appeal the Third Circuit agreed that a Speedy Trial Act violation occurred re: pre-trial delay and only denied appeal on this issue based on counsel's failure to move. It was counsel's ineffective representation that  prevented petitioner from gaining dismissal. Moreover, the only basis the Court provided for affirming the convictions on these grounds despite pre-indictment delay was also procedural – due to counsel's ineffective representation movant did not move to dismiss. The Court did not address the substantive merits of the pre-indictment delay. It emphasized that movant should have moved to dismiss. This was the result of trial counsel's ineffective assistance.
Movant was detained in custody, had cases pending not only in the District of New Jersey but also in the Western District of New York and the District of Puerto Rico. Over four years elasped from initial arrest to trial.  First arrested on November 24, 2014 in Puerto Rico trial did not commence in New Jersey until September 24, 2018. The facts of all three cases were based upon the same alleged circumstances of narcotics importation and distribution and well as money laundering, structuring and currency reporting violations.
On September 11, 2017, to gain tactical advantage, the Government obtained dismissal in the WDNY after Brady material was ordered produced. During this delay an important defense witness died.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

Circuit denied appeal on this issue for failure of counsel to move for relief.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☑   No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:  Petition for Writ of Certiorari - Petition for Re-Hearing

Name and location of the court where the motion or petition was filed:

United States Supreme Court; 1 First Street, NE, Washington DC 20543

Docket or case number (if you know):  21-250

Date of the court's decision:  10/12/2021

Result (attach a copy of the court's opinion or order, if available):

Both the Petition for Certiorari and Petition for Re-Hearing were denied by the US Supreme Court.

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Not Applicable

Docket or case number (if you know):  N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND TWO:**

Counsel Ineffective - Failure To Call Client To Testify/Failure to Explain Right To Testify

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Movant and counsel agreed he would testify regarding the legal source of the cash alleged by the government to have been the proceeds of narcotics distribution but Movant's counsel never called him to testify. Counsel further failed to properly inform client that client alone had the right to make the final decsion regarding whether or not to testify. Finally, counsel threatened client that if he did testify he would resign from the case. Movant's testimony would have been critical to explain that his lawful businesses of his private jet company and his previous trucking company business had produced the cash in question.

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes ☑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

    Yes ☑   No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:  Cert Petition and Petition for Rehearing on Cert

Name and location of the court where the motion or petition was filed:

 Details as above

Docket or case number (if you know):  Same as above

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

 Same as above

    (3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ☑

    (4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ☑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

 Not applicable

Docket or case number (if you know):  NA

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

 As above; the US Supreme Court denied the Petition for Cert and the Petition for Re-Hearing on Cert

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

Counsel Was Ineffective on Various Other Grounds

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Counsel ineffective for following factual reasons: 1. Failed to utilize Jenks Act material to effectively examine witness; 2. Failed to specifically move to obtain grand jury material from presentation in Western District of New York; 3. Failed to hire investigator and investigate case effectively to prepare a defense; 4. Failed to interview witnesses to effectively prepare a defense; 5. Failed to request proffer notes; 6. Failed to effectively advise movant of the consequences of a proffer; 7. Failed to move to suppress the cocaine admitted into evidence at trial in that it was not a part of the conspiracy charged.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ✔   No ❏

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ✔   No ❏

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:  Cert Petition; Motion for Re-Hearing on Cert

Name and location of the court where the motion or petition was filed:

US Supreme Court

Docket or case number (if you know):  As above

Date of the court's decision:

Page 9

Result (attach a copy of the court's opinion or order, if available):

As above; both the Petition for Cert and Petition for Re-Hearing on Cert were denied.

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Not applicable

Docket or case number (if you know):   Not applicable

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

Movant Denied Due Process By Prosecutorial Misconduct By Forum Shopping

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel was ineffective in failing to move to dismiss the indictment as the Western District of New Yok matter was dismissed in order to gain a tactical advantage by prosecuting movant by a superceding indictment filed in the District of New Jersey. The prosecution forum shopped in order to avoid discovery obligations, Brady v. Maryland disclosure obligations and speedy trial bars to bringing their case in the WDNY.

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Requested issue be raised and counsel failed to raise it.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☑   No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:  As Above

Name and location of the court where the motion or petition was filed:

As Above

Docket or case number (if you know):  As above

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

As above

Docket or case number (if you know):  As above

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

As Above

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

No

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?    Yes ❑    No ☑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

Not Applicable

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:
Michael D'Alessio, Esq., 80 Main Street, West Orange, NJ 07052, Tama Beth Kudman, Esq., 319 Clematis Street, Suite 107, West Palm Beach, FL 33401

(d) At sentencing:

(e) On appeal:

Jason J. LeBoeuf, Esq. & Savvy T. Darragh, Esq., of Ziegler, Zemsky & Resnick, 651 Old Mount Pleasant Ave Suite 150, Livingston, NJ 07039

    (f) In any post-conviction proceeding:


    (g) On appeal from any ruling against you in a post-conviction proceeding:


16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐ No ☑

    (a)  If so, give name and location of court that imposed the other sentence you will serve in the future:  Not Applicable


    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:   NA

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐  No ☐

Page 13

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

   Not Applicable

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —
      (1) the date on which the judgment of conviction became final;
      (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief:

Vacate all convictions and dimiss all charges and/or remand for resentencing.

or any other relief to which movant may be entitled.

/s/ Barry M. Kazan

_____ (*Pro Hac Vice*
                                  *Admission Pending*)

Signature of Attorney (if any)

Barry M. Kazan
Charles A. Ross (*Pro Hac Vice Admission Pending*)
Mintz & Gold LLP
600 Third Avenue, 25th Floor
New York, NY 10016
(212) 696-4848

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct

and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

_____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Movant

I declare (or certify, verify, or state) under penalty of perjury that I have been notified that I must include in this motion all the grounds for relief from the conviction or sentence that I challenge, and that I must state the facts that support each ground.  I also understand that if I fail to set forth all the grounds in this motion, I may be barred from presenting additional grounds at a later date.


Executed (signed) on _____10-11-72_____ (date)


Signature of Movant _____


If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.


I am privately retained counsel to movant and have authorization to bring this petition and motion on his behalf. Movant has reviewed this Petition and adopts all grounds and facts asserted herein.